**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4585**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JOSEPH ALLEN SMITH,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:10-cr-00438-LMB-1)

Submitted:  November 30, 2011        Decided:  December 8, 2011

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Peter D. Greenspun, Amy L. Bradley, GREENSPUN SHAPIRO, P.C., Fairfax, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Andrew J. Ewalt, Special Assistant United States Attorney, Gene Rossi, Assistant United States Attorney, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Allen Smith was indicted on one count of conspiracy to distribute oxycodone in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006), and one count of possession of a firearm in furtherance of the conspiracy in violation of 18 U.S.C. § 924(c) (2006). Smith pled guilty to the conspiracy count, and was tried in a bench trial and convicted of the § 924(c) count. Smith was sentenced to a term of one month on the conspiracy count, to be followed by sixty months' incarceration on the § 924(c) count.

On appeal, Smith contends that the evidence was insufficient to convict him of possession of a firearm, a Taurus handgun, in furtherance of the drug conspiracy. This court is obliged to sustain a guilty verdict if, viewing the evidence in the light most favorable to the Government, the verdict is supported by substantial evidence. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc) (citing Glasser v. United States, 315 U.S. 60, 80 (1942)). We have defined "substantial evidence" as "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Burgos, 94 F.3d at 862. The court "consider[s] circumstantial as well as direct evidence, and allow[s] the government the benefit of all reasonable inferences from the facts proven to

2

those sought to be established," United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982), and assumes that the fact finder resolved all contradictions in the testimony in favor of the Government. United States v. Brooks, 524 F.3d 549, 563 (4th Cir. 2008). "[A]s a general proposition, circumstantial evidence may be sufficient to support a guilty verdict even though it does not exclude every reasonable hypothesis consistent with innocence." United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008) (alteration and quotation marks omitted). We "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc) (internal quotation marks and citation omitted).

In order to prove a violation of § 924(c), the Government was required to present evidence indicating that the possession of the firearm furthered, advanced, or helped forward a drug trafficking offense. See United States v. Perry, 560 F.3d 246, 254 (4th Cir. 2009). In making this determination, the factors to be considered include the type of drug activity being conducted, the accessibility of the firearm, the type of weapon, whether the weapon is stolen, whether the possession of the weapon is legal or illegal, whether the weapon is loaded, proximity to drugs and drug profits, and the time and circumstances under which the weapon was found. Id.

Our review of the record discloses that the evidence was sufficient to support the finding that Smith possessed the firearm in furtherance of the drug conspiracy. The evidence revealed that Smith dealt drugs from his home and that the handgun in question was found on Smith's nightstand, and thus was easily accessible. The gun was found within inches of a plastic baggie containing loose Xanax pills, which the evidence at trial showed were also sold as part of the conspiracy and in that same packaging. Further, Smith made statements to a law enforcement officer and to a jail inmate in which he acknowledged keeping the handgun for protection against drug customers who might come to the house to rob him. Smith did not legally possess the handgun, and the evidence showed that he applied for a concealed weapon permit at a time in the conspiracy when drugs were being sold from his home.

We therefore find the evidence sufficient to support Smith's § 924(c) conviction. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4